UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN P. BRADBURY,<br><br>                              Plaintiff,<br><br>              -against-<br><br>CITY OF MONTPELIER, VT;<br>MONTPELIER, VT POLICE DEPARTMENT,<br><br>                              Defendants. | 24-CV-3848 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Barre, Vermont, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants falsely arrested him in Montpelier, Vermont. Named as Defendants are the City of Montpelier and the Montpelier Police Department. For the following reasons, this action is transferred to the United States District Court for the District of Vermont.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that the City of Montpelier and the Montpelier Police Department violated his rights in Montpelier, Vermont. Because Defendants reside in Vermont and the

alleged events giving rise to his claims occurred in Vermont, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Montpelier, Vermont, which is in the District of Vermont. *See* 28 U.S.C. § 126. Accordingly, venue lies in the District of Vermont, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of Vermont, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Vermont. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 21, 2024
         New York, New York

                                                  /s/ Laura Taylor Swain
                                                     LAURA TAYLOR SWAIN
                                                   Chief United States District Judge